**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-06-94-R |
| | ) | CIV-08-289-R |
| BOLIVAR BRITO CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 142] filed by Defendant Brito Castro Bolivar. In support of his motion, Defendant asserts that he received ineffective assistance of counsel because his counsel failed to file a timely notice of appeal. As a result, Defendant asserts, Defendant was deprived of the opportunity to challenge his sentence as unreasonable and asserts that his offense level should have been reduced by two levels because he was only a minor participant in any criminal activity.

Defendant's motion is timely. However, Defendant in a written Plea Agreement knowingly and voluntarily waived his right to appeal or collaterally challenge his guilty plea and his sentence and the manner in which it was determined. Plea Agreement [Doc. No. 92] at ¶ 8(a) & (b). Defendant does not in his § 2255 motion assert that his counsel's assistance in negotiating or entering into the Plea Agreement was constitutionally ineffective. Accordingly, Defendant's § 2255 motion is barred by Defendant's waiver and his counsel's failure to file a notice of appeal was not objectively unreasonable or prejudicial.

Defendant Bolivar Brito Castro's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED.

**It is so ordered this 25th day of March, 2008.**

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE